UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ITZHAK FRIEDLANDER, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Docket No.: 2:23-cv-21715<br><br>**CLASS ACTION COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Itzhak Friedlander ("Plaintiff"), brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant Midland Credit Management, Inc. ("Defendant"), individually and on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.  The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). The Act was promulgated because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id*. It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

1

2.      The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). After determining that the existing consumer protection laws were inadequate, 15 U.S.C. § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. 15 U.S.C. § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1692 *et seq*.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## NATURE OF THE ACTION

5.      Plaintiff brings this action for damages arising from the Defendant's violations of the FDCPA, 15 U.S.C. § 1692 *et seq*.

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of New Jersey, County of Hudson.

8.      At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1692a(3).

9.      Defendant is a company with its principal place of business located at 350 Camino De La Reina, Suite 100, San Diego, California 92056. Defendant's registered agent for

service is CSC Lawyers Incorporating Service, with an address of 100 Charles Ewing Boulevard, Suite 160, Ewing, New Jersey 08628.

10. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

11. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

## **CLASS ALLEGATIONS**

12. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

   a. all individuals with addresses in the State of New Jersey;

   b. to whom Defendant sent an initial collection letter;

   c. which was collecting on a time-barred debt;

   d. that failed to inform the consumer that the Defendant cannot sue to collect upon the debt or that the statute of limitations can be revived; and

   e. which letter was sent on or after a date one (1) year prior to the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Class is the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and its respective immediate

families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and/or 1692g.

17. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. §§ 1692e, 1692f, and/or 1692g.

    c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

22. Sometime prior to April 4, 2009, Plaintiff allegedly opened an account with Citibank (South Dakota), N.A., hereinafter, "Citibank Account."

23. Upon information and belief, the Citibank Account was sold to Asset Acceptance, LLC on or around June 10, 2011.

24. The alleged Citibank Account is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. Citibank is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26. On or December 22, 2022, Defendant sent an initial collection letter to the Plaintiff to collect upon the Citibank Account. A true and accurate copy of this letter is attached as Exhibit A, hereinafter "Letter."

27. The Letter contains contradictions that confuses who the actual owner of the Citibank Account is.

28. The Letter begins with "Midland Credit Management, Inc. ("MCM") is a debt collector. We are trying to collect on your CITIBANK (SOUTH DAKOTA), N.A. debt **that you now owe to MCM**." *See* Exhibit A.

29. Directly below the previous statement, the Letter states that "[o]n 6/10/2011, **your account was sold to Asset Acceptance, LLC, which is now the sole owner of this debt**." *See id*.

30. These statements contradict each other and presents two different interpretations as to who owns the right to collect on the Citibank Account.

31. The Letter provides further information pertaining to the Citibank Account, stating that the date of default was April 4, 2009 and that the account was charged off on October 1, 2009. *See id*.

32. Upon information and belief, the statute of limitations has expired to collect on this debt through a lawsuit.

33. Despite providing dates that show that the statute of limitations for the Citibank Account has expired, Defendant fails to mention that in the Letter.

34. Defendant does state that "[d]ue to the age of this debt, we will not report payment or non-payment of it to a credit bureau." *See id*.

35. However, this statement is insufficient as it does not inform Plaintiff of all of the consumer rights available to him.

36. With the current reading of the Letter, a consumer would not know that they are giving up protection from legal action if they were to make a partial payment.

37. The Defendant fails to disclose that a time-barred debt would be revived if a partial payment or promise to pay is made, which would allow the owner of the time-barred debt can sue the consumer for collection purposes.

38. In the alternative, if a lawsuit has been filed on this matter, the Letter fails to provide the Plaintiff with any context for this and would represent a material omission.

39. Pursuant to 15 U.S.C. § 1692e, a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

40. Pursuant to 15 U.S.C. § 1692e(2)(A), a debt collector violates the FDCPA when it makes a false representation regarding the "the character, amount, or legal status of any debt."

41. Additionally, pursuant to 15 U.S.C. § 1692e(10), a debt collector violates the FDCPA when it uses "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

42. Defendant violated 15 U.S.C. § 1692e when it sent the Letter to the Plaintiff, which misrepresented the character, amount, and legal status of the Citibank Account by failing to disclose that it is a time-barred debt and a partial payment may revive the legality of the debt.

43. Defendant also violated 15 U.S.C. § 1692e by failing to convey clearly who the current owner of the Citibank Account is.

44. Pursuant to 15 U.S.C. § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

45. Pursuant to 15 U.S.C. § 1692f(1), a debt collector cannot try to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

46. By mailing the Letter, Defendant acted unfairly and unconscionably by failing to disclose Plaintiff's rights in relation to a time-barred debt as well as for providing contradictory information regarding who the current owner of the debt is.

47. Pursuant to 15 U.S.C. § 1692g(a):

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall,

> unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing. . .
>
> (2) the name of the creditor to whom the debt is owed;
>
> . . .

48. By stating that there are two different entities who own the Citibank Account, Defendant failed to name the creditor to whom the debt is owed, in violation of 15 U.S.C. § 1692g(a)(1).

49. Accordingly, Defendant violated multiple provision of the FDCPA.

50. Defendant's omissions and misrepresentations cause a negative shadow over its debt collection practice in general.

51. When they go astray, debt collectors often introduce a tacit element of confusion into their dunning letter to leave the consumer somewhat uninformed.

52. This strategy helps debt collectors to achieve leverage over consumers by keeping key pieces of information away from them.

53. To that end, one important element of consumer protection revolves around keeping the consumer informed.

54. When a consumer has as much information as the debt collector, they are most capable of handling repayment in full or part, disputing the debt, or otherwise communicating with the debt collector on a more equal playing field.

55. However, when a debt collector withholds key information about the debt from the consumer, they encourage rash decision-making and consumers are left without any power to face a debt collector in a meaningful way.

56. Accordingly, when a consumer is faced with something less than the total story behind owing a debt, they often give up and choose to pay an unwarranted debt to avoid further trouble.

57. As a result of Defendant's multiple FDCPA violations, Plaintiff was unable to evaluate his options of how to handle this debt.

58. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

59. These violations by Defendant were knowing, willful, negligent, and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid such violations.

60. Knowing the state of affairs and the swift tricks that debt collectors attempt against consumers, Congress passed laws to protect consumers.

61. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

62. As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue of the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, and conversion.

63. Defendant's debt collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to not be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

64. Defendant's violations were material misrepresentations because they are likely to affect Plaintiff's choice or conduct regarding how to respond to an outstanding debt claim and are likely to mislead Plaintiff, who was acting reasonably under the circumstances.

65. Specifically, Defendant's careless, deceptive, misleading, and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts.

66. Plaintiff was confused and misled to his detriment by the statements in the Letter and relied on the contents of the Letter to his detriment.

67. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

68. Because of Defendant's conduct, Plaintiff expended time and money in determining the proper course of action.

69. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

70. In addition, Plaintiff suffered emotional and physical harm because of Defendant's improper acts, including, but not limited to, fear, anxiety, stress, increased heartrate, and difficulty with sleep.

71. Defendant's deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's demand for payment of this debt.

72. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

73. When a debt collector fails to effectively inform the consumer of their rights and legal status of their debts, in violation of statutory law, the debt collector has harmed the consumer.

74. As a result of Defendant's deceptive, misleading, and false debt collection practices, Plaintiff has been damaged.

75. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

76. As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION

### Violations of the 15 U.S.C. § 1692e *et seq.*

77. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

78. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

79. Pursuant to 15 U.S.C. § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

80. Pursuant to 15 U.S.C. § 1692e(2)(A), a debt collector violates the FDCPA when it makes a false representation regarding the "the character, amount, or legal status of any debt."

81. Additionally, pursuant to 15 U.S.C. § 1692e(10), a debt collector violates the FDCPA when it uses "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

82. Defendant violated 15 U.S.C. § 1692e:

    a. By sending the Letter, which misrepresents the character and legal status of the Citibank Account because it fails to disclose that the statute of limitations to sue to collect on the debt has expired but may be revived through partial payment; and

    b. By failing to maintain policies and procedures to avoid collection communications from misrepresenting the current owner of the underlying debt.

83. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated 15 U.S.C. § 1692e and the Plaintiff should be awarded actual damages, statutory damages, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

### Violations of 15 U.S.C. § 1692f *et seq.*

84. Plaintiff repeats the allegations contained in the above paragraphs as if set forth herein.

85. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

86. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

87. Defendant violated 15 U.S.C. § 1692f:

    a. By unfairly and unconscionably collecting on a debt that has passed the statute of limitations without informing the consumer that the Defendant cannot sue to collect the debt and that a partial payment may revive the debt; and

    b. By failing to maintain policies and procedures to avoid collection communications from containing unfair and unconscionable collection practices.

88. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated 15 U.S.C. § 1692f and the Plaintiff should be awarded actual damages, statutory damages, costs and attorneys' fees.

### THIRD CAUSE OF ACTION

### VIOLATIONS OF 15 U.S.C. § 1692g *et seq.*

89. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length.

90. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including, but not limited to, 15 U.S.C. § 1692g.

91. Pursuant to 15 U.S.C. § 1692g(a):

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing. . .
>
> (2)   the name of the creditor to whom the debt is owed;
>
> . . .

92. Defendant violated 15 U.S.C. § 1692g:

   a. By failing to identify the creditor to whom the debt is owed within five days of sending an initial collection communication to the Plaintiff.

   b. By omitting material information regarding the legal status of the debt.

93. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated 15 U.S.C. § 1692g and the Plaintiff should be awarded actual damages, statutory damages, costs, and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

94. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Itzhak Friedlander demands judgment from Defendant as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and the undersigned Attorneys as Class Counsel;

b) Awarding Plaintiff and the Class statutory damages;

c) Awarding Plaintiff and the Class actual damages;

d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: October 31, 2023

*/s/ M. Hasan Siddiqui*
**STEIN SAKS, PLLC**
By: M. Hasan Siddiqui, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501
hsiddiqui@steinsakslegal.com
*Attorneys for Plaintiff*